FREDERICK P. READ, Appellant, *vs.* MARGARET H. BOYLE, Appellee.

*Opinion filed April 23, 1908.*

1. APPEALS AND ERRORS—*provision of section 119, relating to certificates of importance, construed.* The words "not allowed by this act," used in section 119 of the Practice act of 1907, providing for a certificate of importance in a case decided by the Appellate Court in which an appeal or writ of error to the Supreme Court *is not allowed by this act,* apply only to that class of cases in which the Appellate Court has entered a judgment or order determinative of the controversy but in which no right to have the judgment or order reviewed by the Supreme Court is given by section 121.

2. SAME—*when an appeal will not lie though certificate of importance is granted.* An appeal to the Supreme Court will not lie, even though the Appellate Court has granted a certificate of importance, where the judgment of the Appellate Court appealed from was not final in character nor such that no proceedings could be had except to carry the mandate of the Appellate Court into effect, but is merely a judgment reversing a judgment of the trial court in favor of the plaintiff for more than $1000 and remanding the cause generally for re-trial.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

F. P. READ, (ELBRIDGE HANECY, of counsel,) for appellant.

WICKETT, MEIER & BOOTH, (D. S. WEGG, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Frederick P. Read recovered a judgment in the superior court of Cook county against Margaret H. Boyle in the sum of $9197.71 for attorneys' fees. Mrs. Boyle appealed to the Appellate Court for the First District. That court held that the proof made by Read was lacking in an essential particu-

lar, and reversed the judgment for the reason that one of the instructions given at his request authorized a recovery notwithstanding the alleged failure of the proof, and remanded the cause to the superior court without any specific directions. Read prayed an appeal from that judgment of the Appellate Court to this court. The Appellate Court granted a certificate of importance and allowed the appeal, and the case is now before us.

Appellee insists that the law does not authorize an appeal from the judgment which was entered by the Appellate Court. Had no appeal been taken from that judgment the case could have been re-docketed in the superior court and would have then stood for trial before a jury in the ordinary course. The judgment entered in the Appellate Court was not final in its character, and was not such that no further proceedings could be had in the superior court except to carry into effect the mandate of the Appellate Court.

Section 121 of the Practice act of 1907 (Laws of 1907, p. 468,) provides: "In all criminal cases and in all cases where a franchise or a freehold, or the validity of a statute is involved, and in all other cases where the sum or value in the controversy shall exceed one thousand dollars ($1000) exclusive of costs, which shall be heard in any of the Appellate Courts upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error, in the same manner as provided for appeals to said Appellate Court: *Provided,* that such appeal may be prayed for at any time (within twenty days after the rendition of such judgment, order or decree,) whether such Appellate Court

be in session or not, and if such appeal shall be prayed for in vacation, any one or more of the said judges of such Appellate Court may make and sign all orders necessary for the perfecting of such appeal, and the clerk shall enter up such orders as part of the record in the case: *And, provided, further,* that in all cases where the judgment, order or decree is for the recovery of money, only, if the judgment, order or decree of the inferior or Appellate Court be affirmed by the Supreme Court, or the appeal or writ of error be dismissed, the Supreme Court may enter judgment against the appellant or plaintiff in error for damages, not exceeding ten (10) percentum on the amount of the judgment recovered, and shall award execution therefor as on other judgments."  ·

Section 119 of the same act, (Laws of 1907, p. 467,) after reciting that certain causes may be removed from the Appellate Court to the Supreme Court by appeal or writ of error, continues: "And if a majority of the justices of the Appellate Court shall be of opinion that a case decided by them, in which an appeal or writ of error from the Appellate Court to the Supreme Court to review the judgment, order or decree of the Appellate Court is not allowed by this act, involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may in such case grant an appeal to the Supreme Court on petition for that purpose presented to the court in term or to two of the justices in vacation, within twenty days after the entry of the judgment, order or decree of the Appellate Court, in which case the said Appellate Court or two of the justices thereof, as the case may be, shall certify to the Supreme Court the ground of granting such appeal."

Appellant's contention is that this case is one of that class in which a writ of error from this court to the Appellate Court or an appeal from the Appellate Court to this court "is not allowed by this act," within the meaning of

that provision of section 119, *supra,* above quoted. It is first to be observed that if the words in that part of section 119 above set out be accorded their literal meaning that .provision is of very doubtful significance. It gives the right to appeal or the right to a writ of error where an appeal or writ of error "is not allowed by this act." If by virtue of this provision of the act the present case may be appealed to this court at this time, it is apparent that it would come here by virtue of the provisions of that act, and it therefore would not be a case in which an appeal "is not allowed by this act." On the contrary, it would be a case in which the appeal was allowed by that act. The provision in question attempts to give the right of review in certain cases. There is no attempt to extend the right to have a cause reviewed so that we would have jurisdiction to consider, upon appeal or writ of error, a judgment of the Appellate Court which was not of such character as to finally fix the rights of the parties in regard to the subject matter of the controversy. The provision applies to "a case" in which an appeal from the Appellate Court to this court or a writ of error from this court to the Appellate Court "is not allowed by this act." The expression, "is not allowed by this act," was, we think, intended to point out that class of cases, only, in which the Appellate Court enters a judgment, order or decree determinative of the controversy and in which no right to have the judgment, order or decree of the Appellate Court reviewed by this court is conferred by section 121, *supra.* This case does not fall within that class for two reasons: (1) The amount involved in the controversy exceeds $1000, exclusive of costs; and (2) the judgment of the Appellate Court standing without review is not determinative of the litigation. We intimate no opinion upon the merits of the case.

The appeal will be dismissed.          *Appeal dismissed.*